BELSOME, J.,
dissents with reasons.
|,I respectfully dissent from the majority opinion’s finding that the juvenile court judge’s denial of the motion to recuse is not reversible error. The juvenile court judge violated La.C.Cr.P. art. 674 in denying the motion to recuse as untimely.
The majority opinion correctly recognizes that the juvenile court judge committed legal error when she denied the motion to recuse because it was not filed within 72 hours prior to trial. Article 674, does not limit the timeframe to file the motion, but expressly allows for the filing of a motion to recuse prior to the commencement of trial.[1] Additionally, if the mover’s motion to recuse sets forth a valid ground for recusation, “the judge shall either recuse himself, or refer the motion for hearing to another judge.” In this case, the defendant based his motion of recusal on several specific actions on the part of the trial court that he contends warranted the judge’s recusal. The motion to recuse should have been allotted to another judge for hearing.
Although the majority opinion acknowledges the legal error, it further finds that the error was harmless because there was no prejudicial effect on the |2defendant. I find this case distinguishable from the cases cited by the majority, specifically State v. Williams.[2] In Williams the trial court addressed the allegations within the motion to recuse on the record prior to the denial. On appeal, this Court found that the denial of the motion was an error on the part of the trial court, but based on the facts of that record, determined the error was harmless. Here, the juvenile court judge refused to accept the motion to re-cuse and address the allegations on the record or allot it to another judge.
The appellant was undoubtedly denied his statutory rights.[3] Given that the defendant was barred from making a record regarding the allegations for recusal, I find that the record on appeal is inadequate for the majority to determine that there was no prejudice to the defendant.
Accordingly, I find the juvenile court’s legal errors warrant a reversal of M.J.’s adjudication and the matter should be remanded for a new trial.

. Article 674 states, in pertinent part: "The motion [to recuse the judge] shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment.”

. State v. Williams, 2000-0011 (La.App. 4 Cir. 5/9/01), 788 So.2d 515.

. Id.